**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| SS MANAGEMENT GROUP, INC., | ) | Case No. 14-20863 |
| | ) | |
| | ) | Honorable Jack B. Schmetterer |
| Debtor. | ) | |
| | ) | Hearing Date: July 24, 2014 |
| _____ | ) | Hearing Time: 10:00 a.m. |

## NOTICE OF MOTION

To: See Attached Service List:

PLEASE TAKE NOTICE that on Thursday, the 24th day of July, 2014, at the hour of 10:00 a.m., we shall appear before the Honorable Jack B. Schmetterer, United States Bankruptcy Judge for the Northern District of Illinois, or any Judge sitting in his place and stead, in courtroom 682 of the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there present the ***MOTION FOR ENTRY OF ORDER MODIFYING AUTOMATIC STAY,*** a copy of which is hereby served upon you.

> NATHAN Q. RUGG (ARDC #6272969)
> ADELMAN & GETTLEMAN, LTD.
> 53 W. Jackson Blvd., Suite 1050
> Chicago, Illinois 60604
> Tel (312) 435-1050
> Fax (312) 435-1059
> Email: nrugg@ag-ltd.com
> ***Counsel for Movant***

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Notice of Motion and document referred to therein were served on the parties on the attached service list via ECF, this 21st day of July, 2014.

> ___/s/ Nathan Q. Rugg___
> Nathan Q. Rugg, Esq.

308949v1

# SERVICE LIST

## ELECTRONIC MAIL NOTICE LIST

Richard M. Fogel　　　　　　rfogel@shawfishman.com
*Chapter 7 Trustee*

Scott B. Kitei　　　　　　　　skitei@honigman.com
*Counsel for McKinley, Inc.*

Lester A Ottenheimer, III　　　lottenheimer@olawgroup.com
*Counsel for the Debtor*

Patrick S Layng　　　　　　　USTPRegion11.ES.ECF@usdoj.gov
*U.S. Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| SS MANAGEMENT GROUP, INC., | ) | Case No. 14-20863 |
| | ) | |
| | ) | Honorable Jack B. Schmetterer |
| Debtor. | ) | |
| | ) | Hearing Date: July 24, 2014 |
| _____ ) | | Hearing Time: 10:00 a.m. |

## MOTION FOR ENTRY OF ORDER MODIFYING AUTOMATIC STAY

NOW COMES Sharon Sklarov (the "**Movant**"), by and through her undersigned counsel, and by this motion (the "**Motion**") requests the entry of an order pursuant to section 362(d) of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "**Code**") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Rules**") modifying the automatic stay to permit the divorce proceeding between the Movant and Val Sklarov to proceed without any limitations that may arise from the above-captioned bankruptcy case and the application of section 362 of the Code, if any. In support thereof, the Movant respectfully states as follows:

### I.     JURISDICTION AND VENUE

1.     On June 3, 2014 (the "**Petition Date**"), SS Management Group, Inc. (the "**Debtor**") filed a voluntary petition for relief under chapter 7 of the Code thereby commencing the above-caption bankruptcy case (the "**Chapter 7 Case**").

2.     Richard M. Fogel was appointed as trustee for the Chapter 7 Case (the "**Trustee**").

3.     This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(G). The statutory predicate for the relief requested herein is section 362(d) of the Code.

1

#308876v2

## II. BACKGROUND

4. For approximately three years prior to the Petition Date, a divorce proceeding between Val Sklarov ("**Sklarov**") and the Movant has been pending in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Waukegan, Illinois, Case No. 11 D. 569 (the "**Divorce Proceeding**" or the "**Divorce Court**")). Generally speaking, the Divorce Proceeding has been adversarial and contested.

5. A trial date was set for June 4, 2014, to determine all issues in the divorce (except those resolved through the parties' Joint Parenting Agreement), including without limitation child support, dissipation, and division of assets and liabilities. The trial did not proceed, however, after counsel for Sklarov informed the Divorce Court of the Chapter 7 Case, filed effectively at the commencement of trial (the trial was originally set to commence on June 2, 2014). The Divorce Court entered an order on June 4, 2014, which indicated that all matters in the Divorce Case would be stayed pending further investigation into the Chapter 7 Case and what assets were subject thereto (the "**June 4 Order**"). A true and correct copy of the June 4 Order is attached hereto as Exhibit A, and is expressly made a part hereof.

6. On July 15, 2014, divorce counsel for the Movant filed an emergency motion to modify the Divorce Court's June 4 Order so that the Movant may immediately take certain actions related to real estate that is at issue in the Divorce Proceeding.

7. On July 16, 2014, the Divorce Court heard argument on the motion and reviewed the schedules [Docket No. 10] and state of financial affairs [Docket No. 12] filed by the Debtor in the Chapter 7 Case. Upon review and consideration of same, the Divorce Court granted the motion and entered an order indicating, among other things, that the Chapter 7 Case does not implicate the assets of Movant and Sklarov at issue in the divorce proceedings (the "**July 16**

2

#308876v2

**Order**"). A true and correct copy of the June 4 Order is attached hereto as <u>Exhibit B</u>, and is expressly made a part hereof.

8. At the July 16 hearing, divorce counsel for Sklarov objected to the relief sought in Movant's motion and suggested that the parties should obtain an order modifying the automatic stay from this Court before the Divorce Court granted the relief obtained in the July 16 Order.

9. Due to the misgivings and objections expressed by Sklarov related to the pending Chapter 7 Case and its potential interaction with the Divorce Case, and to obtain certainty with respect to the application (or lack thereof) of the automatic stay arising under section 362 of the Code, the Movant is hereby seeking an order modifying the stay to allow the Divorce Proceeding to move forward in all respects.

10. Counsel for the Debtor has advised the Movant that it has no objection to the relief sought by this Motion.

### III.   LEGAL ANALYSIS AND RELIEF REQUESTED

11. By this Motion, the Debtor seeks entry of an order modifying the automatic stay to permit the Divorce Proceeding to continue unrestricted and otherwise unaffected by the pending Chapter 7 Case.

12. Pursuant to 11 U.S.C. § 362, the Chapter 7 Case automatically operates as a stay to the following, among other actions:

> **(1)** the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding **against the debtor** that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> **(2)** the enforcement, **against the debtor or against property of the estate**, of a judgment obtained before the commencement of the case under this title;
>
> **(3)** any act to obtain possession of **property of the estate** or of property from the estate or to exercise control over **property of the estate**;

3

    **(4)** any act to create, perfect, or enforce any lien against **property of the estate**;

    **(5)** any act to create, perfect, or enforce **against property of the debtor** any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

    **(6)** any act to collect, assess, or recover a claim **against the debtor** that arose before the commencement of the case under this title; and

    **(7)** the setoff of any debt **owing to the debtor** that arose before the commencement of the case under this title against any claim against the debtor; and

11 U.S.C. § 362(a) (emphasis added)

13.    Section 362(b) of the Code expressly provides that the automatic stay does **not cover**, among other things, a "civil action or proceeding. . . (ii) for the establishment or modification of an order for domestic support obligations; (iii) concerning child custody or visitation; [or] (iv) **for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate**." 11 U.S.C. § 362(b)(2) (emphasis added).

14.    Accordingly, based on the applicable statutory language alone, the stay only applies to actions against SS Management (*i.e.* the Debtor) or its property (*i.e.* property of the Debtor's estate). As detailed below, these limitations do not apply to the Divorce Proceeding because the Debtor's stock, owned 100% by Sklarov, is **not** property of the estate in the first instance. The section 362 stay is thus not implicated in the Divorce Proceeding.

15.    The Movant submits that neither the Debtor nor any of its property is directly at issue in the Divorce Proceeding. Rather, the stock issued by the Debtor and owned by Sklarov is the only property related to the Debtor that is directly at issue in the Divorce Proceeding. As a general proposition, stock issued by a company and held by an individual is not property of the company. Both Illinois courts and bankruptcy courts have recognized this proposition.

4

#308876v2

16. "Shares of stock are units of ownership of a corporation (805 ILCS 5/1.8 (West 2008)); once they have been issued and are held by a shareholder, they are not the same as the assets of a corporation (*see People v. Rosehill Cemetery Co.,* 371 Ill. 510, 515, 21 N.E.2d 766 (1939) (an interest in corporate property is not the same as a share of stock in the corporation))." *Prignano v. Prignano*, 405 Ill. App. 3d 801, 811, 934 N.E.2d 89, 101 (2010). Stated in the context of a bankruptcy proceeding, "a debtor has no property interest in shares of its own stock owned by its stockholders." *In re Hirsch*, 339 B.R. 18, 30 (E.D.N.Y. 2006) (citations omitted).

17. Sklarov purports to own 100% of the stock of the Debtor. *See* Statement of Financial Affairs (No. 21) [Docket No. 12]. As such, and by operation of law, Sklarov does not have any ownership interest in the assets of the Debtor and its estate. The automatic stay created by the filing of the Chapter 7 Case therefore does not affect the division of assets held by Sklarov and Movant.

18. Bankruptcy courts have examined this issue and found that a corporation's bankruptcy filing does not stay an action related to the company's stock. "Thus, an action to obtain possession of shares of a corporation would not be stayed under section 362(a)(3) by that corporation's bankruptcy filing, because those shares would not be property of the corporation's bankruptcy estate." *In re Hirsch*, 339 B.R. 18, 30 (E.D.N.Y. 2006) (citing *In re Calamity Jane's, Inc.*, 22 B.R. 5, 7 (Bankr. D. NJ. 1982).

19. This exact issue was presented to the *Calamity Jane* bankruptcy court (cited in *Hirsch)*. In that case, the corporate debtor sought to void (as a stay violation) an order entered in a state court divorce proceeding that monetized and divided the value of the debtor's stock between the former spouses. *See* 22 B.R. at 6. As part of that order, one spouse assigned all of her stock interest in the debtor corporation. In the corporate debtor's bankruptcy the court found as follows:

5

#308876v2

> "The shares of stock in a corporation are property of the individual stockholders and not the property of a corporation. A shareholder's rights are the personal right to attend meetings, to vote and a property right to share in the dividends of a corporation and the distribution of its assets.
>
> A corporation has no property interest in the shares of its stock owned by its stockholders.
>
> ****
>
> Where a closely held corporation is concerned, it might be said that the interests of the corporation may be affected by the transfer of ownership of stock but that situation does not call for the invocation of a Section 362 automatic stay as the shares of stock involved are not property of the debtor.

22 B.R. at 7 (citations omitted).

20. Put another way, and perhaps more fundamentally, because a bankruptcy court "has jurisdiction of only the debtor and his property and the corporate debtor has no property interest in the shares of its stock owned by its stockholders, the Court has no jurisdiction to order or restrain disposal of their stock." *In re Texas Consumer Fin. Corp.*, 480 F.2d 1261, 1266 (5th Cir. 1973).

21. Finally, it should be noted that while the assets at issue in the Chapter 7 Case bankruptcy are protected by the automatic stay, such assets are minimal and have been clearly delineated in the schedules on file in the Chapter 7 Case. Specifically, the schedules filed by the Debtor reflect that the company has assets valued, in total, at $800.00. *See* Schedule A and Schedule B [Docket No. 10]; the Debtor owns no real estate and holds only $200 in cash, computer equipment valued at $350, and $250 of miscellaneous office supplies and furniture.

22. Nonetheless, the Movant submits that such assets are not directly at issue in the Divorce Proceeding. Rather, only the stock of the Debtor held by Sklarov is at issue and for all of the reasons stated above, stock of a debtor corporation is not property of its estate and is not protected by the automatic stay.

23. The Court may modify the automatic stay for "cause," 11 U.S.C. § 362(d)(1), an inquiry that focuses on "the hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code," *In re C & S Grain Co.,* 47 F.3d 233, 238 (7th Cir. 1995).

24. Based on the foregoing factual and legal analysis, Movant submits that cause exists to allow the parties to proceed with the Divorce Proceeding without any delay from the Chapter 7 Case.

### III. NOTICE

25. Counsel for the Movant has served this Motion on three days' notice upon: (a) the Office of the United States Trustee; (b) the chapter 7 trustee; (c) counsel to debtor; and (d) all other parties who are registered on the Court's CM/ECF system. The Movant requests that such notice be deemed adequate under the circumstances and that any other or further notice requirements be waived.

WHEREFORE, the Movant respectfully requests entry of an order, a proposed form of which is filed herewith, modifying the automatic stay to permit the divorce proceeding pending between Sharon Sklarov and Val Sklarov to proceed in all response and for further relief as is just and proper under the circumstances.

Respectfully submitted,

Sharon Sklarov

By: /s/ Nathan Q. Rugg
One of her attorneys

NATHAN Q. RUGG (ARDC 6272969)
ADELMAN & GETTLEMAN, LTD.
53 W. Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Tel (312) 435-1050
Fax (312) 435-1059
nrugg@ag-ltd.com
**Counsel for Movant**